(Decided 11th June, 1889.)

## DANIEL FRAZIER *vs*. ELLEN KELLER.

*Mortgage debt—Injunction to Restrain the Sale of Mortgaged property, made Perpetual.*

On the 17th of September, 1869, upon the application of the mortgagor, an injunction was granted to restrain the sale of the mortgaged property, on the ground that the mortgage debt had been paid. It was granted with leave to the defendant, upon filing his answer, to move for its dissolution. No further proceedings were had in the case until the 30th of August, 1887, when the defendant for the first time filed his answer, denying the equities of the bill, and praying a dissolution of the injunction. In the meanwhile the original bill and exhibits had disappeared, and the mortgagor had died, having sometime before his death conveyed the mortgaged property to his daughter, Ellen Keller. The motion to dissolve was heard upon proof taken on both sides. The proof showed that the entire mortgage debt had been paid, and overpaid, by the mortgagor, by labor and services rendered by him under an agreement with the mortgagee that they should be credited as payments on the mortgage debt. HELD:

That the injunction should be made perpetual.

APPEAL from the Circuit Court for Carroll County, in Equity.

This appeal was taken from a decree of the Court below, making perpetual the injunction that had been previously issued in the case. After the filing of the answer of the defendant denying the equities of the com-

plainant's bill, and moving for a dissolution of the injunction, Ellen Keller, to whom James Howard, the mortgagor, had conveyed the mortgaged property, was, by agreement of counsel, made a party plaintiff in the cause, in the place of said Howard, deceased. The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, and McSHERRY, J.

*William S. Bryan, Jr.,* and *James A. C. Bond,* for the appellant.

*George M. Pearce,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The injunction was granted in this case upon the application of the mortgagor to restrain the sale of the mortgaged property, on the ground that the mortgage debt had been paid. It was granted on the 17th September, 1869, with leave to the defendant, upon filing an answer, to move for its dissolution. No further proceedings, however, were had in the case till the 30th August, 1887, nearly *eighteen years after* the issuing of the injunction, when the defendant for the first time filed his answer. The original bill and exhibits in the meantime had disappeared, and have not been found, and Howard, the mortgagor, had died, having sometime before his death, conveyed the mortgaged property to his daughter, the appellee.

Now, under such circumstances as these, in view of the delay and long acquiescence on the part of the defendant in the order granting the injunction, a Court of equity might very well refuse to dissolve it upon the answer of the defendant denying the equities of the bill. The motion to dissolve, however, was not heard upon

answer only, but upon proof taken on both sides, and being thus heard upon its merits, it was incumbent on the plaintiff to make out a case entitling him to the equitable interference of the Court. So, the question, and sole question is, whether the mortgage debt has been paid? And in considering this question we cannot overlook the fact that the mortgagee had under a power of sale in the mortgage, advertised the property for sale, and that the sale had been arrested by an injunction granted upon the ground that the mortgage debt had been paid. And in addition to this, although the mortgagee had leave to move for the dissolution of the injunction at any time upon filing an answer, he does not, we find, file an answer for a period of eighteen years, and not until after the mortgagor had died, and the original papers were lost. Now, if no part of the mortgage debt had been paid, as the mortgagee now avers in his answer, it seems strange, to say the least, that he should have acquiesced so many years in the order of the Court restraining him from enforcing its collection, and should have permitted the mortgagor to remain in the undisturbed possession of the property. But we do not rest our decision upon the presumption arising upon these facts, however strong it may be, for the proof shows, beyond question, we think, that the entire mortgage debt was paid by Howard, the mortgagor, and paid by labor and services rendered by him under an agreement with the mortgagee, that the money due on account of such services, should be applied in payment of the mortgage. As far back as the spring of 1869, and before the property was advertised for sale, the witness, Knox, at the request of both the mortgagor and mortgagee, went to the house of the latter for the purpose of making a settlement between the parties. The witness, upon an ascertainment made by him at the time, found that the mortgagor was indebted to the

mortgagee on account of the mortgagor and, on open account, in the sum of four hundred and six dollars, and that the mortgagee was indebted to the mortgagor for labor and services in cutting wood and saw-logs, and getting rails, and for wages for the son of the mortgagor, in the sum of four hundred and forty-five dollars. In other words, that the mortgage debt had been paid, and over-paid by forty dollars at least. The mortgagee refused, it is true, to abide by the settlement proposed by the witness, on the ground, and the only ground, that the cord-wood had not been measured. And thus the matter ended. We shall not stop to consider in detail the proof in support of the claim of the mortgagor for the labor and services rendered by him on account of this mortgage debt. It is sufficient to say we are satisfied that it exceeds the mortgage debt and interest, and we are satisfied too, that these services were rendered under an agreement with the mortgagee, that they were to be credited as payments on the mortgage. The decree below must, therefore, be affirmed.

*Decree affirmed.*

(Decided 11th June, 1889.)